UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC GARCIA-GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DOER, et al.,<br><br>    Defendants. | No. 1:24-cv-01559 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 4)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, EITHER FILE HIS SIX-MONTH PRISON TRUST FUND ACCOUNT STATEMENT OR HIS PAYMENT OF THE FILING FEE IN FULL, DUE IN TWENTY-ONE DAYS |

Plaintiff, a federal inmate proceeding pro se, has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. In the alternative, Plaintiff will be given the opportunity either to file his six-month prison trust fund account statement that is required as part of a prisoner's application to proceed in forma pauperis, or in the alternative to pay the filing fee in full. See 28 U.S.C. §§ 1914(a), 1915(a)(2). Plaintiff will be given twenty-one days to take

1

either course of action.

## I.   RELEVANT FACTS

On December 18, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Because Plaintiff had filed an application to proceed in forma pauperis, two days later, consistent with 28 U.S.C. § 1915(a)(2), Plaintiff was ordered to file his six-month prison trust fund account statement with the Court, and he was given thirty days to do so. See ECF No. 4 at 1.

More than thirty days have passed and Plaintiff has not filed his six-month prison trust fund account statement, nor has he filed a request for an extension of time to do so. He has not responded to the Court in any way.

## II.   DISCUSSION

Both the Court and the public have an interest in the disposal of cases in an expedient manner. See generally Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation). Plaintiff's failure to file a six-month prison trust fund account statement as required by law (see 28 U.S.C. § 1915(a)(2)) has stalled this process, and it warrants the Court issuing an order directing him to show cause why this matter should not be dismissed for failure to obey court orders. As a result, an order to show cause shall issue.

Plaintiff will be given twenty-one days to file the showing of cause. As an alternative to filing it, within the same twenty-one-day period, Plaintiff may instead either submit the six-month prison trust fund account statement or pay the filing fee in full. See 28 U.S.C. § 1914(a) (payment of filing fee requirement).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for failure to obey a court order;

2. As an ALTERNATIVE to filing a showing of cause, Plaintiff may either file a copy of his six-month prison trust fund account statement consistent with 28 U.S.C. § 1915(a)(2), or pay the filing fee in full. See 28 U.S.C. § 1914(a), and

3. Plaintiff shall have twenty-one days to take either course of action.

IT IS SO ORDERED.

Dated: **March 11, 2025**         /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE