1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAC GARCIA-GARCIA,                        No.  1:24-cv-01559 GSA (PC)

12                     Plaintiff,              ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13            v.
                                               ORDER RECOMMENDING DISMISSAL OF
14   J. DOER, et al.,                          MATTER FOR FAILURE TO OBEY COURT
                                               ORDERS AND FOR FAILURE TO
15                     Defendants.             PROSECUTE

16                                             ECF Nos. 4, 5

17                                             ORDER RECOMMENDING PLAINTIFF'S IN
                                               FORMA PAUPERIS APPLICATION BE
18                                             DENIED AS MOOT

19                                             (ECF No. 2)

20                                             PLAINTIFF'S OBJECTIONS DUE IN
                                               FOURTEEN DAYS
21

22
             Plaintiff, a federal inmate at the time the complaint was filed is proceeding pro se  and
23
     has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of
24
     Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner).  ECF No. 1.  He has also
25
     requested leave to proceed in forma pauperis.  ECF No. 2.  The matter was referred to a United
26
     States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
27

28
                                               1

For the reasons stated below, the undersigned will recommend that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute.  Plaintiff will be given fourteen days to file objections to this order.

## I.   RELEVANT FACTS

### A.  Order Directing Plaintiff to File Six-Month Trust Account Statement

On December 18, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  Shortly thereafter, on December 20, 2024, Plaintiff was ordered to file his six-month prison trust fund account statement, consistent with 28 U.S.C. § 1915(a)(2).  ECF No. 4 at 1.  Plaintiff was given thirty days to comply with the Court's order.  Id. at 1.  At that time, Plaintiff was cautioned that failure to comply with the order within the time allotted might result in a recommendation that this matter be dismissed.  Id. at 2.

### B.  Order Directing Plaintiff to Show Cause

Plaintiff failed to file his six-month prison trust fund account statement with the Court within the time allotted.  As a result, on March 12, 2025, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to obey a court order.  ECF No. 5 (order to show cause).  As an alternative to filing the showing of cause, Plaintiff was also given the option of either filing the trust account statement or paying the filing fee in full.  Id. at 2.  Plaintiff was given twenty-one days to take either cause of action.  Id. at 3.

### C.  Return of Order to Show Cause to Court

On April 10, 2025, the Court's order to show cause was returned to it marked "Undeliverable, RTS."  See 4/10/25 docket entry.  The Court notes that since Plaintiff's complaint was docketed in December of 2024, there has been no activity on the docket by Plaintiff.  He has not filed responses to the Court's orders, nor has he requested extensions of time to do so.  Plaintiff has not responded to either of the Court's orders in any way. Nor has he timely filed a notice of change of address with the Court.

## II.   APPLICABLE LAW

### A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court.  Id.

B.  Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.    DISCUSSION

A.  Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order directing him show cause was returned to the Court, Plaintiff was properly served.  It is a plaintiff's responsibility to keep a court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  The fact that Plaintiff failed to file a response to the Court's order to file a six-month trust account statement as well as his failure to timely file a notice of change of address with the Court both independently warrant the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110, 182(f), and 183(b).

B.  Application of Malone Factors Supports the Dismissal of This Case

1                        1.  <u>Expeditious Resolution of Litigation; Court's Need to Manage Its Docket</u>

Plaintiff has been given sufficient time to file a notice of change of address as well as to comply with the Court's trust account order. Despite this fact, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." <u>Whitaker v. Superior Court of San Francisco</u>, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court or to respond to six-month prison trust account order is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

2.  <u>Risk of Prejudice to Defendants</u>

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

3.  <u>Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits</u>

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. <u>See</u> Office of the Clerk, United States District Court, Eastern District of California, <u>2024 Annual Report</u>, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. <u>See</u> generally <u>id.</u> (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

of address[2] with the Court, without the Court having received a new address for Plaintiff, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

IV.   CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders and for failure to prosecute.  See id.  In addition, it will be recommended that Plaintiff's pending application to proceed in forma pauperis be denied as moot.

Despite the fact that Plaintiff cannot be located and that no viable Defendants have been identified and served, a period of fourteen days will be given for Plaintiff to file objections to this order.  However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge that will be assigned to this action will likely dismiss it immediately.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1.   This matter be DISMISSED without prejudice for failure to obey court orders and for failure to prosecute.  See Fed. R. Civ. P. 41(b); Local Rules 110, 182(f), and 183(b);

2.   Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as MOOT, and

3.   This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections

---

[2]  In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

1    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

2    and Recommendations," and it shall not exceed fifteen pages.

3            The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

4    wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its

5    CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in

6    excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28

7    U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

8    objections within the specified time may result in the waiver of certain rights on appeal.  See

9    Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

10   Cir. 1991).

11

12

13   IT IS SO ORDERED.

14       Dated:  __June 24, 2025__            _____/s/ Gary S. Austin_____
                                             UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             6