UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC GARCIA-GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>J. DOER, et al.,<br><br>    Defendants. | No.  1:24-cv-01559 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Docs. 2, 7 |

  Plaintiff Mac Garcia-Garcia has filed this civil rights action seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. On December 18, 2024, plaintiff filed an application to proceed in forma pauperis. Doc. 2. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On December 20, 2024, the assigned magistrate judge directed plaintiff to submit a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint, within thirty days. Doc. 4. Plaintiff did not comply with that order. Thereafter, on March 12, 2025, the magistrate judge issued an order to show case ("OSC") why this action should not be dismissed for plaintiff's failure to obey a court order. Doc. 5. As an alternative to filing a response to the OSC, plaintiff was permitted to file a copy of his six-month prison trust fund account statement or pay the filing fee in full within 21 days. *Id.*

1

at 2–3. The OSC was returned "as Undeliverable, RTS" on April 10, 2025. *See* docket. Plaintiff did not respond to or otherwise comply with the OSC.[1]

On June 25, 2025, the magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to obey court orders and failure to prosecute, and that plaintiff's application to proceed in forma pauperis be denied. Doc. 7. Specifically, the magistrate judge found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—weigh in favor of dismissing the case without prejudice as a sanction for plaintiff's failure to obey court orders, failure to prosecute, and failure to comply with the local rules. *Id.* at 3–5 (applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (failure to comply with a court order)); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to prosecute based on noncompliance with local rule). The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. Doc. 7 at 5–6. Plaintiff has not filed objections to the findings and recommendations, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the conclusions that plaintiff's application to proceed in forma pauperis should be denied and that the relevant factors support dismissal of this case without prejudice for failure to obey court orders, failure to prosecute, and failure to comply with Local Rule 183(b), are supported by the record.

///

---

[1] Though the OSC was returned as undeliverable, it was properly served on plaintiff, who has yet to file a notice of change of address. *See* L.R. 182(f) (absent notice of a pro se party's change of address, service of documents at the prior address of record is fully effective); L.R. 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, as plaintiff failed to submit an account statement as ordered, failed to comply with the OSC, and failed to keep the Court apprised of his current address. *See Carey*, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also Carey*, 856 F.2d at 1440, 1441 (rejecting argument that an approximately two-month delay was not unreasonable where plaintiff failed to keep court apprised of current address). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Plaintiff has not submitted an inmate account statement or paid the filing fee as ordered. He has also failed to update his current address. Therefore, this matter cannot be prosecuted, nor can it be disposed of on its merits.

///

///

      Accordingly:

1. The findings and recommendation issued on June 25, 2025, Doc. 7, are adopted;
2. This action is dismissed without prejudice for failure to obey court orders, failure to prosecute, and failure to comply with Local Rule 183(b);
3. Plaintiff's application to proceed in forma pauperis, Doc. 2, is denied; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

    Dated:   September 14, 2025

                                    UNITED STATES DISTRICT JUDGE